IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 14-cv-01234-WYD
Criminal Action No. 06-cr-00244-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

7.  TORRENCE JAMES,

    Defendant.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court in connection with Torrence James's Motion for Reconsideration filed June 11, 2015. Mr. James seeks reconsideration of my Order of June 1, 2015, that denied his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Judgement was entered on June 2, 2015. The Government filed a Response to the Motion for Reconsideration on June 30, 2015, a Reply was filed on July 13, 2015, and Defendant filed a "Supplemental Brief in Support of Petitioners [sic] Original § 2255 Motion on July 16, 2015.

I must construe liberally Mr. James's motion because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant.

*See Hall*, 935 F.2d at 1110. After reviewing the entire file, I find that Mr. James's Motion for Reconsideration must be denied.

II.     ANALYSIS

I note that "'[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). If the motion to reconsider is filed within 28 days of the final judgment, as here, the court may construe the motion "either as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or as a motion for relief from the judgment under Fed. R. Civ. P. 60(b)." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). How the court construes it "depends upon the reasons expressed by the movant." *Id.* "A Rule 59(e) motion is the appropriate vehicle 'to correct manifest errors of law or to present newly discovered evidence.'" *Id.* (quotations omitted). A motion for reconsideration is also properly characterized as a Rule 59(e) motion when the plaintiff claims the court overlooked the applicable statute and the facts. *Id.* "A Rule 60(b) motion is appropriate for, among other things, 'mistake, inadvertence, surprise, or excusable neglect' and 'newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial.'" *Id.* (quoting Fed. R. Civ. P. 60(b)(1), (2)).

In the case at hand, Mr. James's motion asserts that it is filed pursuant to Fed. R. Civ. P. 60(b)(1), (4), and (6). He argues therein that the Court's Order denying his § 2255 motion attempts to "eviscerate, and clearly violates, Petitioner's due process rights", asserting that he did not file a response (which I interpret to mean a reply) to the § 2255

motion because "it was not indicated in the instructions" of the § 2255 motion.  As relief, Mr. James asks that he be allowed to add a claim to his § 2255 motion for ineffective assistance of counsel.  He contends that he was not given the proper assistance by any of the attorneys involved in these proceedings.  Further, he argues that his counsel should have made sure at the remand hearing "that when the losses were calculated and reduced, the number of victims were reduced at the same time and the U.S.S.G. § 2B1.1(b)(2) two level enhancement was removed and the sentence petitioner is serving adjusted accordingly."  (Mot. at 5.)

Turning to my analysis, I must determine whether this is a "true" Rule 60(b) motion or actually a second or successive habeas petition as argued by the government.  As noted by the Third Circuit, "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), . . . places the federal courts in the role of 'gate-keeper', charging them with the responsibility of 'preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction.'" *Blystone v. Horn*, 664 F.3d 397, 411 (3rd Cir. 2011).  Pursuant to this gate-keeping function, the court must determine whether the petitioner has presented a claim in a second or successive petition.  *Id.*  The government asserts that Mr. James's motion is a second or successive petition because, in effect, it seeks to attack the sentence.  Since Mr. James has not received authorization from the Tenth Circuit to file a successive petition, the government argues that the Court does not have jurisdiction to consider the issues raised in the motion, and that the motion should be dismissed rather than transferred to the Tenth Circuit.

The Tenth Circuit holds that a Rule 60(b) motion should be characterized as a second or successive petition if it is a merits-based challenge asserting or reasserting a "claim", that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzales v. Crosby*, 545 U.S. 524, 530 (2005)).  It further explained:

> A motion can ... be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted).  The term "on the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief."  *Id*. at 532 n. 4. "When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim."  *Id*.

On the other hand, the motion is a "'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.'"  *Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (citing *Gonzales*, 545 U.S. at 532 and n. 4)).  Examples of a defect in the integrity of the habeas proceeding are a fraud on the federal habeas corpus court, *Gonzales*, 545 U.S. at 532, n. 5, or the failure to consider a habeas claim made in the original petition.  *Spitznas*, 464 F.3d at 1225.  Examples of a challenge to a procedural

ruling which precluded a merits determination include failure to exhaust, procedural default, or a statute-of-limitations bar. *Gonzales*, 545 U.S. at 532 n. 4. The Tenth Circuit has adopted the *Gonzales* analysis in determining whether a motion to reconsider regarding a § 2255 claim should be deemed a second or successive petition. *In Re Lindsey*, 582 F.3d 1173, 1174-75 (10th Cir. 2009).

Even construing Mr. James's motion liberally because he is proceeding pro se, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), I find that his motion is not a "true" Rule 60(b) motion but a second or successive habeas petition. The motion seeks to insert a new claim for ineffective assistance of counsel that was not previously raised. Thus, it seeks a merits based determination. Indeed, Mr. James asks the Court to "revisit the § 2255 and grant the Petitioner the relief he is entitled to due to all the mistakes that were made during these proceedings." (Mot. for Reconsideration at 7.) Mr. James's motion does not implicate merely a procedural ruling which precluded a merits determination of the habeas application. Thus, the Motion for Reconsideration must be deemed a second or successive habeas petition.

In the absence of authorization from the Tenth Circuit to file a second or successive petition, this Court lacks jurisdiction to consider the motion. *In Re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The motion must either be dismissed for lack of jurisdiction or, if it is in the interest of justice, transferred to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Id.* I find that a transfer is not in the interest of justice as Mr. James's motion does not meet the requirements of § 2255(h), *i.e.,* it does not rely on newly discovered evidence or a new rule of constitutional law. *See United States v. Lara-Jimenez*, 377 F. App'x 820, 822 (10th

Cir. 2010) (unpublished) ("[a] transfer is not in the interest of justice when the claims raised in the successive petition clearly do not meet the requirements set forth in 28 U.S.C. § 2255(h)." (citing *Cline*, 531 F.3d at 1252).

Moreover, I find that a transfer is not in the interest of justice because the Tenth Circuit has already held that the two-level enhancement regarding the level of victims was not included in the mandate of *James I* and that the district court on resentencing was correct in not reconsidering this enhancement. *United States v. James*, 556 F. App'x 711, 717 (10th Cir. 2014) (*James II*) (citing *United States v. James*, 592 F.3d 1109 (10th Cir. 2010) (*James I*). Mr. James's lawyer cannot be faulted at the remand hearing for failing to raise an argument that was legally unavailable. *See United States v. Orange*, 447 *F*.3d 792, 797 (10th Cir. 2006) ("If the omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

In conclusion, it is

ORDERED that Torrance James's Motion for Reconsideration filed June 11, 2015 (ECF No. 752), which I have construed as a second or successive petition under 28 U.S.C. § 2255, is **DISMISSED FOR LACK OF JURISDICTION**.

Dated:  January 20, 2016.

                                            BY THE COURT:

                                            /s/ Wiley Y. Daniel
                                            WILEY Y. DANIEL,
                                            SENIOR UNITED STATES DISTRICT JUDGE